**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **MATTHEW SMITH,** | § | |
| **TDCJ No. 02060858,** | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | EP-21-CV-205-KC |
| | § | |
| **BOBBY LUMPKIN,** | § | |
| **Director, Texas Department of** | § | |
| **Criminal Justice, Correctional** | § | |
| **Institutions Division,** | § | |
|     Respondent. | § | |

**MEMORANDUM OPINION AND ORDER**

Matthew Smith challenges Bobby Lumpkin's custody of him through a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254. Pet'r's Pet, ECF No. 1. His petition is denied because his claims are unexhausted.

**BACKGROUND AND PROCEDURAL HISTORY**

Smith was found guilty on February 18, 2016, of aggravated robbery—a first-degree felony under Texas Penal Code § 29.03—in cause number 20150D03146 in the 210th District Court of El Paso County. Mem. in Supp., Ex. 1 (J. of Conviction), p. 1, ECF No. 2-1. He was sentenced to ten years' imprisonment. Id. He did not appeal. Pet'r's Pet. 4, ECF No. 1. He filed a state application for a writ of habeas corpus which was denied on April 26, 2017, without written order on the findings of the trial court. State Court R., Attachment 1 (Action Taken, Ex parte Smith, WR-86,356-01 (Tex. Crim. App.)), ECF No. 9.

Smith's conviction for aggravated robbery made him ineligible for early release under mandatory supervision. Tex. Gov't Code Ann. § 508.149(a)(12). He was denied release to parole for the first time on May 19, 2020, for the following reasons:

**1D CRIMINAL HISTORY** - THE RECORD INDICATES THAT THE OFFENDER HAS REPEATEDLY COMMITTED CRIMINAL EPISODES THAT INDICATE A PREDISPOSITION TO COMMIT CRIMINAL ACTS UPON RELEASE.

**2D NATURE OF OFFENSE** - THE RECORD INDICATES THE INSTANT OFFENSE HAS ELEMENTS OF BRUTALITY, VIOLENCE, ASSAULTIVE BEHAVIOR, OR CONSCIOUS SELECTION OF VICTIM'S VULNERABILITY INDICATING A CONSCIOUS DISREGARD FOR THE LIVES, SAFETY, OR PROPERTY OF OTHERS, SUCH THAT THE OFFENDER POSES A CONTINUING THREAT TO PUBLIC SAFETY.

**3D DRUG OR ALCOHOL INVOLVEMENT** - THE RECORD INDICATES EXCESSIVE SUBSTANCE USE INVOLVEMENT.

**4D INSTITUTIONAL ADJUSTMENT** - THE RECORD INDICATES THAT THE OFFENDER HAS AN UNSATISFACTORY INSTITUTIONAL ADJUSTMENT.

**5D ADJUSTMENT DURING PERIODS OF SUPERVISION** – THE RECORD INDICATES UNSUCCESSFUL PERIODS OF SUPERVISION ON PREVIOUS PROBATION, PAROLE, OR MANDATORY SUPERVISION THAT RESULTED IN INCARCERATION, INCLUDING PAROLE-IN-ABSENTIA.

Mem. in Supp., Ex. 7 (Parole Review Information), pp. 22–22, ECF No. 2-1. His next review was scheduled for three years in the future—in May of 2023. Id.

Petitioner submitted a request for a special review to the Board of Pardons and Paroles (the Board) on March 31, 2021. Id., Ex. 6 (Request for Special Review), pp. 8–19, ECF No. 2-1. His request was denied on April 16, 2021. Id., Ex. 8 (Letter), pp. 24–25, ECF No. 2-1. He was told that his conviction for aggravated robbery was "listed in 508.149(a) of the Government Code" and his case, therefore, did not "require an annual review if denied parole." Id., Ex. 8, p. 25, ECF No. 2-1.[1] He was further advised that under Texas law, the Board had "the option to set-off a case

---

[1] According to Texas Government Code § 508.141:

from one to five years from the date of denial." Id.

Petitioner did not submit a state writ application challenging the Board's action. Pet'r's Pet. 3–4, ECF No. 1; see generally State Court Records, ECF No. 9. Instead, he submitted a federal habeas petition directly to this Court on August 31, 2021. Pet'r's Pet. 1–11.

Petitioner now asserts four grounds for relief. Id. at 7–8. First, he claims the Board deprived him of procedural and substantive due process when it denied him release to parole after his initial review. Id. at 7. He suggests he was improperly housed while in prison—which resulted in him fighting with other prisoners and receiving disciplinary actions against him. Id. He avers the disciplinary actions, in turn, were used against him by the Board to deny him release to parole during his initial review. Id. Second, he claims the Board "engaged in an orchestrated effort to violate the Double Jeopardy Clause of the Fifth Amendment . . . to illegally restrain the Petitioner from his lawful liberty." Id. He suggests he has a liberty interest in his release to parole. But see Ex parte Retzlaff, 135 S.W.3d 45, 49 (Tex. Crim. App. 2004) ("The parole panel has great discretion in the regular parole review process as an inmate does not have a statutorily vested liberty interest in being released on parole."). Third, he contends the Board's actions violated the terms of his plea agreement. Id. at 8. He explains the "unfair three-year Parole

---

(g) The board shall adopt a policy establishing the date on which the board may reconsider for release an inmate who has previously been denied release. The policy must require the board to reconsider for release:

(1) an inmate serving a sentence for an offense listed in Section 508.149(a) . . . during a month designated under Subsection (g-1) by the parole panel that denied release . . .

(g-1) The month designated under Subsection (g)(1) by the parole panel that denied release must begin after the first anniversary of the date of the denial and end before the fifth anniversary of the date of the denial . . .

Tex. Gov't Code Ann. § 508.141 (West).

setoff . . . acted to violate [his] 2016 plea bargain . . . because [he] has been prevented from obtaining the Substance Abuse Treatment Program . . . the Trial court [ordered]." Id. Finally, he maintains TDCJ officers and Board members retaliated against him for exercising his right to petition the courts for redress of his grievances by denying him release to parole. Id. He asks the Court for an accelerated release from prison. Id. He also asks for a transfer to a prison closer to his family in Forth Worth. Id.

## LEGAL STANDARD

A federal habeas court's role in reviewing a state prisoner's petition pursuant to 28 U.S.C. § 2254 is exceedingly narrow. Harrington v. Richter, 562 U.S. 86, 103 (2011). It does "not sit as [a] court[ ] of appeal and error for [a] state court conviction[ ]." Dillard v. Blackburn, 780 F.2d 509, 513 (5th Cir. 1986). It may grant a petition only where the state prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Preiser v. Rodriguez, 411 U.S. 475, 484–87 (1973). It must generally defer to a state court's decisions on the merits. Moore v. Cockrell, 313 F.3d 880, 881 (5th Cir. 2002). And it must defer to a state court's decisions on procedural grounds. Coleman v. Thompson, 501 U.S. 722, 729–30 (1991); Muniz v. Johnson, 132 F.3d 214, 220 (5th Cir. 1998). Indeed, it may not grant relief to correct errors of state constitutional, statutory, or procedural law, unless a federal issue is also present. Estelle v. McGuire, 502 U.S. 62, 67–68 (1991); West v. Johnson, 92 F.3d 1385, 1404 (5th Cir. 1996). Consequently, it must recognize that "state courts are the principal forum for asserting constitutional challenges to state convictions." Harrington, 562 U.S. at 103.

Additionally, federal habeas courts may not grant an application for a writ unless the petitioner "has exhausted the remedies available in the courts of the State" or shown "there is an

absence of available State corrective process." See 28 U.S.C. § 2254(b)(1), (c); Smith v. Quarterman, 515 F.3d 392, 400 (5th Cir. 2008). This exhaustion requirement reflects a policy of federal-state comity "designed to give the State an initial 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." Picard v. Connor, 404 U.S. 270, 275 (1971) (quoting Wilwording v. Swenson, 404 U.S. 249, 250 (1971)). It also prevents "unnecessary conflict between courts equally bound to guard and protect rights secured by the Constitution." Ex parte Royall, 117 U.S. 241, 251 (1886). As a result, a federal habeas court will generally dismiss a habeas petition asserting claims not exhausted in state courts. See 28 U.S.C. § 2254(b)(1)(A); Rose v. Lundy, 455 U.S. 509, 519–20 (1982).

A petitioner satisfies the exhaustion requirement when he presents the substance of his habeas claims to the state's highest court in a procedurally proper manner before filing a petition in federal court. Baldwin v. Reese, 541 U.S. 27, 29 (2004); Morris v. Dretke, 379 F.3d 199, 204 (5th Cir. 2004). In Texas, the Court of Criminal Appeals is the highest court for criminal matters. Richardson v. Procunier, 762 F.2d 429, 431 (5th Cir. 1985). Thus, a Texas prisoner may only satisfy the exhaustion requirement by presenting both the factual and legal substance of his claims to the Texas Court of Criminal Appeals in either a petition for discretionary review—under Texas Rule of Appellate Procedure 68.1—or a state habeas corpus application—pursuant to Texas Code of Criminal Procedure article 11.07. See Tex. Crim. Proc. Code Ann. art. 11.07 ("This article establishes the procedures for an application for writ of habeas corpus in which the applicant seeks relief from a felony judgment imposing a penalty other than death."); Tigner v. Cockrell, 264 F.3d 521, 526 (5th Cir. 2001); Alexander v. Johnson, 163 F.3d 906, 908 09 (5th Cir. 1998).

**ANALYSIS**

Smith concedes he has not filed a state writ application challenging the Board's decision denying his release to parole. Pet'r's Pet. 3–4, ECF No. 1; see generally State Court Records, ECF No. 9. Instead, he skipped the state process entirely and submitted his federal habeas petition directly to this Court on August 31, 2021. Pet'r's Pet. 1–11.

The Texas Court of Criminal Appeals may review challenges related to the denial of parole pursuant to Texas Code of Criminal Procedure article 11.07. See Ex parte Geiken, 28 S.W.3d 553, 556 (Tex. Crim. App. 2000) (". . . Applicant's habeas corpus claims alleging illegal confinement arising after his felony conviction, but not contesting the validity of the judgment, may be raised under Code of Criminal Procedure Art. 11.07 . . ."); Board of Pardons & Paroles v. Court of Appeals for the Eighth Dist., 910 S.W.2d 481, 484 (Tex. Crim. App. 1995) ("A claim that parole or other form of administrative release has been unlawfully revoked must be brought to the attention of the convicting court under Article 11.07.").

Therefore, Smith has State corrective process available to him to challenge the Board's action. Moreover, he may still pursue this option. Consequently, he has clearly not exhausted his state remedies and his petition shall be dismissed.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Gonzalez v. Thaler, 132 S. Ct. 641, 646 (2012). In cases where a district court rejects a petitioner's constitutional claims on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). To warrant a grant of the certificate as to claims that the district court rejects

solely on procedural grounds, the petitioner must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Id.

Smith may still pursue his claims in the Court of Criminal Appeals.   So, his claims remain unexhausted in the state courts.

The Court accordingly finds reasonable jurists could not debate the denial of Smith's petition for procedural reasons.   Miller-El v. Cockrell, 537 U.S. 322, 327 (2003) (citing Slack, 529 U.S. at 484).   Therefore, the Court shall not issue a certificate of appealability.

## CONCLUSIONS AND ORDERS

The Court concludes that Smith's claims remain unexhausted in the state courts.   The Court further concludes that Smith is not entitled to a certificate of appealability.   The Court, therefore, enters the following orders:

**IT IS ORDERED** that Smith's pro se "Petition for a Writ of Habeas Corpus by a Person in State Custody" (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Smith is **DENIED** a certificate of appealability.

**IT IS FURTHER ORDERED** that all pending motions are **DENIED**.

**IT IS FINALLY ORDERED** that the District Clerk shall **CLOSE** this case.

**SIGNED this 22nd day of October, 2021.**

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE